ISAAC M. BRAGG *& al. versus* GEORGE A. PIERCE.

By R. S., c. 90, § 20, if any person, to whom a sum of money is tendered to re-
deem mortgaged lands, receive a larger sum than he is entitled to retain,
he shall refund the excess.

An agreement or accord which is to operate as a satisfaction of an existing
liability, must, before it can have that effect, be fully *executed.*

It is merely *executory,* so long as by its terms something remains to be done
in the future.

ON REPORT from *Nisi Prius,* APPLETON, C. J., presiding.
ASSUMPSIT, to recover back excess of money tendered on
a mortgage debt more than was due.

The plaintiff offered to prove that, on August 10, 1856,
plaintiff Bragg took a deed of an undivided parcel of real
estate from Waldo T. Pierce, and gave back his mortgage to
secure two notes, one for $586, on 15 months ; and one for
$600, on 27 months, payable to said Pierce or order, and dat-
ed April 10, 1856 ; that Pierce urged as an inducement, that,
if Bragg would make the purchase, the advance payment of
$1000 should be used to take up prior paper on which Bragg
was liable, and that he would offset and take in payment of
the mortgage notes given, any demands which said Bragg
could buy against him, alleging that he could probably pur-
chase at a discount ; that, relying on this, the conveyance was
made ; that Bragg got the $1000 of the other plaintiff, to
make the advance payment, with the knowledge and acqui-
escence of Pierce, that he would be interested in a half pur-
chase ; that the $600 note was negotiated before maturity, to
a *bona fide* holder, by Pierce, and Bragg paid it to the hold-
er ; that, in the summer or fall of 1857, Bragg having an op-
portunity to buy, at a discount, a demand of Charles Buck,
against said Pierce, he named it to said Pierce, who assented
to the purchase and promised that the note should be paid by
an equal amount to be indorsed on said demand ; that, after
Bragg had made the purchase, relying on the agreement, he

went to said Pierce with the demand, and requested the arrangement agreed upon to be made and the note given up; that Pierce *said he would do so,* but deferred doing it then, because of sickness; that the note and mortgage were in said Pierce's hands till after the maturity of the note; that, after that, and after the interview before named, the note was negotiated by said Pierce to the defendant as collateral to an antecedent debt; that Pierce died, and his administrator, on April 23, 1860, assigned said mortgage to said defendant; that said defendant had commenced a foreclosure of the same, which was about expiring; that plaintiffs demanded a release of defendant, and tendered one to be signed, which was refused; that plaintiffs then demanded an account, which defendant seasonably rendered on July 21, 1864, claiming amount of said note and no more, to wit, $879; that, on August 19, 1864, the plaintiffs tendered the defendant $883,50, with notice that the same was done under protest and belief that nothing was due or collectable; that it was tendered only to redeem the mortgage and save the risk of a forfeiture; that plaintiffs would sue to recover back whatever sum he should receive; reciting to the defendant, substantially, the facts as herein before set forth, and told him, under such circumstances, he could, at his peril, take what he pleased. Defendant replied, that he should take all that was offered, and took the $883,50, and, afterward, gave up the note and discharged the mortgage.

The defendant, without admitting the correctness of the plaintiffs' statement, objected to the evidence and contended that the facts offered would not support the action.

The parties thereupon agreed that, if proof of these facts would not entitle the plaintiffs to maintain the action, a nonsuit was to be entered; otherwise the action to stand for trial.

*J. A. Peters,* for the plaintiffs.

*A. W. Paine,* for the defendant.

WALTON, J.—The Revised Statutes of 1857, (chap. 90, sect. 20,) provide that, if any person to whom a sum of money is tendered to redeem mortgaged lands, receives a larger sum than he is entitled to retain, he shall refund the excess. The plaintiffs tendered to the defendant a sum of money to redeem certain mortgaged lands, protesting at the time that nothing was due, and notifying the defendant that the tender was made to save the risk of a forfeiture, and that an action would be commenced to recover back whatever sum he should receive, and that he could take at his peril so much of the sum tendered as he pleased. The sum tendered was $883,50, and the defendant took the whole of it. This action is to recover back this money, in whole or in part, upon the ground that nothing was due upon the mortgage; or, if anything was due, that the defendant took more than he is entitled to retain.

The case is this :— The plaintiffs offer to prove that one W. T. Pierce, the then owner of the note, to secure which, the mortgage was given, promised one of the plaintiffs, (Bragg,) that if he would purchase a certain demand against him, the note should be paid by an equal amount to be indorsed on the demand, and that Bragg, relying upon this promise, purchased the demand, and requested Pierce to have the indorsement made and the note given up; that Pierce said he would do so at some future time, but declined to do it then because he was sick; that Pierce afterwards, in violation of his promise, negotiated the note to the defendant, it then being over due. The plaintiffs claim that the agreement between Pierce and Bragg, and what was done in pursuance of it, was a payment or satisfaction of the note,— not an accord *executory,* but an accord *executed;* and the question is whether this view of such an agreement is correct. We think it is not.

The law is well settled, that an agreement or accord which is to operate as a satisfaction of an existing liability, must, before it can have that effect, be fully executed. If it is

Bragg *v.* Pierce.

merely executory, (which it must be, so long as by the terms of the agreement something remains to be done in the future,) it will not be sufficient. *Cushing* v. *Wyman*, 44 Maine, 121, and authorities there cited.

The agreement between Pierce and Bragg was never fully executed. The note was not surrendered by Pierce, nor was the amount due upon it indorsed upon the demand purchased by Bragg. Both demands remained in full force, and in the possession of each party, neither being cancelled in whole or in part by the other. The note being transferred to the defendant before the agreement for an accord and sat-isfaction was fully executed, (no notice to him of the agreement being shown) he was entitled to receive and retain the amount due upon it.

But the plaintiffs claim that, if the note was not satisfied, the defendant took a larger sum than was due upon it, and that they are entitled to recover back this excess, if no more. The note was for $586, and was dated April 10, 1856. Interest from that date to Aug. 19, 1864, when the tender was made and accepted, would amount to $293,88; which sum added to the principal would make the whole amount due, $879,88. The defendant took $883,50, and therefore has an excess in his hands of $3,62, which, by virtue of the statute already referred to, the plaintiffs are entitled to recover,—a sum in itself insignificant, but of some importance in its influence upon the question of costs. The action therefore must stand for trial.

*Action to stand for trial.*

APPLETON, C. J., CUTTING, KENT and DANFORTH, JJ., concurred.

BARROWS and TAPLEY, JJ., concurred in the result and expressed their views in the following opinion drawn by

TAPLEY, J.—I concur in so much of the opinion as concludes in ordering the action to stand for trial. The case,

as now presented, I regard as exhibiting strong equitable claims, and one which ought to be sustained if it can be upon legal grounds. The proof offered, we must consider actually existing; if true, it exhibits on the part of Waldo T. Pierce gross fraud upon this plaintiff, and such as finds no support in courts of law or equity.

The case finds that the note and mortgage were in the hands of Waldo T. Pierce "*till after it was due*," and was then negotiated to the defendant, not in the usual course of trade, but as collateral security.

The defendant, then, can stand in no better position than Waldo T. Pierce would, if he was living and a party to the suit.

Waldo T. Pierce agrees with Bragg, as an inducement to him to enter into the purchase, "*t at he would offset and take in payment of the mortgage notes given, any demands which Bragg could buy against him.*" Bragg found an opportunity to purchase a demand and went and named it to Pierce, "who assented to the purchase, and promised, *that the notes should be paid by an equal amount* to be indorsed on said demand." In pursuance of this arrangement Bragg made the purchase, and brought the demand and tendered it to Pierce. This, as between Bragg and Pierce, operated as a *payment* to the amount of the demand purchased, and, in a suit between them, would have been so treated.

*Payment* was in no wise dependent upon the *indorsement* of the *payment*, upon the note, nor upon the *surrender* of the note.

Neither the indorsement or the surrender makes the payment. They are the mere evidence of payment.

The indorsement or surrender, if made, are made because a payment *has already* taken place. When Bragg paid for the demand he did it in pursuance of the *assent and direction* of Pierce; that direction was to buy the demand, and "*the note should be paid by an equal amount.*" The parties then agreed to the application. This proceeding relates to

a particular demand and stands upon the agreement made with reference to that, which is substantially, " purchase the demand and the notes shall be paid by an equal amount."

If this were not sufficient, it appears to me there has been a clear and distinct recognition of it as a payment subsequent to its purchase.

Bragg having purchased the demand in accordance with this agreement, goes with it to Pierce and requests the note to be given up.. Pierce does not deny it is a payment, but distinctly recognizes it as such, by saying he will give up the note, but defers doing it then on account of his illness. He deferred *giving up the note,* not deferred *allowing it as payment.* This he distinctly allowed by saying he *would* give up the note. There was no dispute or difference of opinion between the parties as to the effect of that purchase on the note.. Both seem to have understood it as a payment of so much. Whether its amount was sufficient *to* extinguish the note, might have required calculation, which, on account of the illness of Pierce, was deferred.

Here was a distinct .application of payment by Bragg, and assent and recognition by Pierce, and neither could change it afterward without the consent of the other, and, if Waldo T. Pierce had brought an action upon his note, upon the facts here reported, there is no principle of law or equity, that would have allowed him to avoid this payment, made by his *express assent and procurement.* It should be borne in mind that it was all done at his suggestion, and by his procurement. This plaintiff would not have parted with his property but upon the condition it should operate as payment. In giving construction to the proceedings, if they are of doubtful import, such construction should be given as best comports with justice to both parties, if it can consistently be done. As before remarked, this defendant can stand in no better position than his assignor, having taken the note when overdue.

The case is one proper to be submitted to a jury under proper instructions, and, should the evidence appear as here

presented, they would be authorized to find a payment, equal in amount to the demand purchased under the second agreement, and tendered immediately after its purchase in fulfillment of the agreement.